# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03314-GPG

CITIBANK, N.A., as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-HE3,

      Plaintiff,

v.

GARY R. WILLIAMS,
PEGGY E. WILLIAMS, and
ANY AND ALL OTHER OCCUPANTS CLAIMING AN INTEREST UNDER THE DEFENDANTS,

      Defendants.

---

## ORDER TO CURE DEFICIENCIES

---

Defendants Gary R. Williams and Peggy E. Williams have filed *pro se* "Defendant's Notice of Removal" (ECF No. 1) and "Defendant's Notice of Consent to Removal" (ECF No. 3).  Defendants have removed to this Court the forcible entry and unlawful detainer action filed against them on November 24, 2014 in Montrose County District Court, Colorado Civil Action No. 2014CO30681 ("the Detainer Action").

The Court must construe the notice of removal liberally because Defendants are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as an advocate for *pro se* litigants, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall*, 935 F.2d at 1110.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir.

2005).  A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. Appx. 81, 83 (10th Cir. 2005).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has reviewed the notice of removal.  The Court finds that it is deficient because Defendants have not provided copies of all process, pleadings, and orders served upon them in the Detainer Action as required by 28 U.S.C. § 1446(a).

Defendants also have failed either to pay the $4000.00 filing fee or to file a Application to Proceed in District Court Without Prepaying Fees or Costs  (Long Form).

Accordingly, it is

ORDERED that Defendants cure the deficiencies designated above **within thirty days from the date of this order**.  Any papers that Defendants file in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Defendants shall obtain the Court-approved Application to Proceed in District Court Without Prepaying Fees or Costs  (Long Form), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Defendants fail to cure the designated deficiencies **within thirty days from the date of this order**, the case will be remanded to the state court without further notice.

DATED December 10, 2014, at Denver, Colorado.

BY THE COURT:


s/ Gordon P. Gallagher
United States Magistrate Judge