IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03314-GPG

CITIBANK, N.A., as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-HE3,

    Plaintiff,

v.

GARY R. WILLIAMS,
PEGGY E. WILLIAMS, and
ANY AND ALL OTHER OCCUPANTS CLAIMING AN INTEREST UNDER THE DEFENDANTS,

    Defendants.

---

ORDER

---

This matter is before the Court on Defendants' Motion to Consolidate (ECF No. 5) filed on December 15, 2014.  Defendants seek an order consolidating this case with a related case, *6900 Rd 16134 Trust v. Citibank, N.A., et al,* Civil Action No. 14-cv-01148-PAB (D. Colo. filed Apr. 22, 2014), pending in this District before Judge Philip A. Brimmer.  Defendants ask this Court to consolidate the two cases, claiming that both cases involve common questions of law and fact because they involve the same parties and real property in question.

The Court must construe the motion liberally because Defendants are not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as an advocate for *pro se* litigants, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  See *Hall*, 935 F.2d at 1110.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions

before the court involved a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. *See* D.C.COLO.LCivR 42.1

Accordingly, Defendants' Motion to Consolidate is not properly filed in this action. Rather the decision to consolidate actions must be decided by Judge Brimmer, the district judge assigned to the lowest numbered case, Civil Action No. 14-cv-1148-PAB. Thus, the Motion to Consolidate (ECF No. 5) is denied.

Moreover, the Court reminds Defendants that they must cure the deficiencies designated in the December 10, 2014 Order to Cure Deficiencies (ECF No. 4).

Accordingly, it is

ORDERED that the Motion to Consolidate (ECF No. 5) is denied. It is

FURTHER ORDERED that Defendants cure the deficiencies designated in the December 10, 2014 Order to Cure Deficiencies by January 9, 2015. It is

FURTHER ORDERED that, if Defendants fail to cure the designated deficiencies by January 9, 2015 the case will be remanded to the state court without further notice.

DATED December 30, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge