IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03314-PAB

CITIBANK, N.A., as Trustee for WaMu Asset-Backed Certificates, WaMu Series 2007-HE3,

    Plaintiff,

v.

GARY R. WILLIAMS,
PEGGY E. WILLIAMS, and
ANY AND ALL OTHER OCCUPANTS CLAIMING AN INTEREST UNDER THE DEFENDANTS,

    Defendants.

## ORDER

This matter comes before the Court *sua sponte* on defendants' Notice of Removal [Docket No. 1]. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of the parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[i]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay

in addressing the issue only compounds the problem given that, if jurisdiction is lacking, the case must be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009). In light of defendants' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The Notice of Removal claims that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 at 2, ¶ 8. Defendants, however, state in the Notice of Removal that they are citizens of Colorado, and that this matter was originally filed against them in the District Court for the County of Montrose, Colorado. Docket No. 1 at 1, ¶¶ 2-3. Section 1441(b)(2) of Title 28 of the United States Code provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because defendants are citizens of Colorado and seek to remove solely on the basis of diversity of citizenship, the Court lacks removal jurisdiction over this matter. *See Wells Fargo Bank, N.A. v. Ricotta*, Case No. 06-cv-01702-MSK, 2006 WL 2548339 at *2 (D. Colo. Aug. 31, 2006) (remanding case *sua sponte* where "[t]he Notice of Removal admits that the Defendant is a citizen of Colorado").[1]

---

[1] As an additional basis for removal, defendants claim that the Court has existing jurisdiction over the real property in question because another case between the parties, Case No. 14-cv-01148-PAB, is currently pending before the Court. Docket No. 1 at 2, ¶ 7. Defendants' claim does not provide a basis for removal jurisdiction.

Wherefore, it is

**ORDERED** that this matter is remanded to the District Court for the County of Montrose, Colorado, where it was initially filed as Case No. 14-c-30681.

DATED January 30, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

"[F]ederal removal jurisdiction is statutory in nature [and is to be] strictly construed." *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 755-56 (10th Cir. 2004) (citations omitted). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Defendants' argument, which appears to be based on judicial economy, is not a statutory basis for conferring removal jurisdiction over this separate action.